UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HETT

      Plaintiff,

v.                                   Case No. 10-cv-12479
                                       Paul D. Borman
                                       United States District Judge

BRYANT LAFAYETTE AND
ASSOCIATES, LLC,

      Defendant.

_____/

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

This is a Fair Debt Collection Practices Act ("FDCPA") case. Now before the Court is Plaintiff John Hett's Motion for Default Judgment (Dkt. No. 6). Defendant Bryant Lafayette and Associates has not filed a response. At a hearing on January 12, 2011, the Court heard testimony from Plaintiff regarding his claimed damages. Defendant failed to appear at this hearing. For the reasons that follow, Plaintiff's Motion will be granted.

### II. BACKGROUND

Plaintiff filed this lawsuit on June 23, 2010. Defendant's registered agent was served with a Summons and Complaint by certified mail on June 27, 2010. (Certificate of Service, Dkt. No. 3). Defendant did not file an answer or any responsive pleading. On July 26, 2010, default was entered against Defendant by the Court Clerk. (Dkt. No. 5). Plaintiff filed the current Motion for Default Judgment on the same day.

Plaintiff's Complaint alleged that Defendant's agents called him and his wife multiple times regarding a consumer debt owed by the Plaintiff's sister in law, Pamela Hett. Plaintiff told Defendant's agents that Pamela Hett did not reside with Plaintiff and his wife, and that they had no location information to offer Defendant. However, Defendant's agents continued to call Plaintiff attempting to collect Pamela Hett's debt. (Compl. ¶¶ 7-10).

According to the Complaint,[1] Defendant violated the FDCPA by: (1) failing to identify itself as a collection agency; (2) failing to state that it was confirming the debtor's location information; (3) repeatedly contacting the Plaintiff and his wife after being advised that they had no information regarding the debtor; (4) communicating with the Plaintiff about Pamela Hett's debt without her permission; (5) repeatedly calling Plaintiff knowing that Plaintiff had no information about the debt; (6) repeatedly calling Plaintiff knowing that its calls were "belittling and demeaning" to the Plaintiff and his wife, and (7) threatening to contact the Plaintiff's home when it had no right to do so. (Compl. ¶¶ 20-21). In addition, Plaintiff has alleged intentional infliction of emotional distress.[2] (Compl. ¶¶ 23-26).

In his Motion for Default Judgment, Plaintiff requests $23,755 in damages, including statutory damages of $1,000, filing fees of $350 along with $20 for service of process, attorney's fees of $2,385, and $20,000 as damages for intentional infliction of emotional distress.

### III. LEGAL STANDARD UNDER FED. R. CIV. P. 55(b)(2)

---

[1]Due to the entry of default, Defendant's liability has been established by Plaintiff's well-pleaded allegations, but Plaintiff must prove damages. *Antoine v. Atlas Turner, Inc.* 66 F.3d 105, 110-11 (6th Cir. 1995).

[2]Notably, Plaintiff John Hett testified at the hearing on this matter that his wife would usually answer the phone when Defendant's agents called, and that his emotional distress is related to the intentional calls of Defendant which disturbed his wife while she was very ill. However, even though she was apparently the person more directly affected by Defendant's violations, Plaintiff's wife is not a party to this lawsuit, has not submitted an affidavit verifying Plaintiff's claims, and did not testify at the January 12, 2011 hearing.

Where damages are for an uncertain amount, a party must apply to the Court for a default judgment.  Entry of default judgment by the Court is governed by Fed. R. Civ. P. 55(b)(2).  The rule states that, in entering a default judgment:

> [t]he court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing."  *Vesligaj v. Peterson*, 331 F. App'x. 351, 354-55 (6th Cir. 2009) (citing *Fustok v. Conticommodity Services, Inc.*, 873 F.2d 38, 40 (2nd Cir. 1989).

## IV.  ANALYSIS

### A. Statutory Damages

If a debt collector is found to violate the FDCPA, a court may award "any actual damage sustained by such person as a result of such failure" and "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(1) & (a)(2)(A).  This award is subject to § 1692k(b), which states:

> Factors considered by court.  In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors–
>   (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional ...

Plaintiff requests the $1,000 statutory limit as damages, stating that Defendant repeatedly failed "to accord its action in compliance with the [FDCPA]," and that "Defendant's actions were egregious."  (Def.'s Br. at 12).  However, Plaintiff has not submitted any phone records, affidavits,

3

letters to or from Defendant, or any other evidence of Defendant's allegedly "egregious" behavior. Instead, Plaintiff relies solely on the fact that a default has been entered against Defendant, and asserts that every allegation in the Complaint must now be taken as true. To the contrary, "[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.* 66 F.3d 105, 110-11 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)). *See also Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages"). Plaintiff's testimony given at the January 12, 2011 hearing establishes frequency and persistence of noncompliance by the debt collector. The Court will grant Plaintiff's request for $1,000 statutory damages.

## B. Filing and Attorney's Fees

Under 15 U.S.C. § 1692k(a)(3), a successful plaintiff is entitled to "the costs of the action" and "a reasonable attorney's fee as determined by the court." To calculate a "reasonable attorney's fee," the Court must first determine "a reasonable hourly rate" for the work performed and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). The Court may consider various factors in making its calculation, including "[t]he reasonable hourly rate in the community[,] ... the attorney's actual billing rate and fee awards from prior cases[, and] a court may determine a reasonable rate based on its own expertise and judgment." *Wells v. Corporate Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) (quoting *Streamline Packaging Sys., Inc. v. Vinton Packaging Group, Inc.*, No. 1:06-cv-701, 2008 U.S. Dist. LEXIS 5523, *2 (W.D. Mich. Jan. 25, 2008)). *See also Adcock-Ladd v. Secretary of Treasury*, 227 F.3d

343, 350 (6th Cir. 2000) (defining "prevailing market rate" as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record ...").

Plaintiff requests attorney's fees of $2,385, filing fees of $350, and $20 for service of process.  In support of this claim, Plaintiff's counsel has submitted an affidavit stating that his ordinary hourly rate is $265, that he incurred nine hours of professional time in this matter, and that he has advanced the filing and service of process fees.  However, the Court does not have sufficient evidence to substantiate Plaintiff's claim based solely on the affidavit submitted by his counsel.[3] To adequately and accurately calculate the fees Plaintiff's counsel is entitled to, the Court should review counsel's billing statements.  Plaintiff's counsel is directed to submit billing statements so that the Court can calculate the appropriate amount of attorney's fees under § 1692k.

## C. Intentional Infliction of Emotional Distress ("IIED") Damages

Plaintiff also requests damages for IIED.  Although there is no Sixth Circuit authority on this issue, courts in this Circuit generally allow recovery for emotional distress damages under the FDCPA.  *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d. 968, 971 (N.D. Ohio 2008).  These damages are included within actual damages allowable under § 1692k(a)(1), which was intended to include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress . . ." *Id.* (quoting Staff Commentary on the Fair Debt Collection Practices Act,

---

[3]*See Kuhne v. Law Offices of Timothy E. Baxter and Associates, P.C.*, No. 08-14088, 2009 U.S. Dist. LEXIS 53317, *2 (E.D. Mich. June 23, 2009) (O'Meara, J).  In that case, the same Plaintiff's counsel as in this case, Gary Nitzkin, asked for attorney's fees in connection with a successful FDCPA claim.  The court found his hourly rate of $265 to be reasonable, but his claimed hours were not.  Mr. Nitzkin claimed to have expended 15.95 hours in that lawsuit.  He claimed that he expended 10 hours after receiving the defendant's motion to dismiss in that case, which the court found unreasonable.  Ultimately, Mr. Nitzkin was allowed to recover for 5.85 hours of work in the *Kuhne* case.  In the instant case, Mr. Nitzkin has only filed a complaint, a request for the clerk's entry of default, and the current motion.  This case, even more so than *Kuhne*, has been relatively simple for Mr. Nitzkin.

5

53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813 - Civil Liability).  However, as noted above, the Court must have evidence to consider before deciding the appropriate amount of damages.

Plaintiff requests $20,000[4] as compensation for the mental distress caused by Defendant's "telephonic tirade," which took place while the Plaintiff's wife was recovering from major surgery. (Pl.'s Br. at 12).  As noted above, while the Defendant's liability has been established, Plaintiff's damages remain a question of fact.  *Antoine*, 66 F.3d at 110-11.  Plaintiff has not presented any medical records, telephone records, witness affidavits, or other evidence to substantiate his claimed damages.  Instead he relies solely on his testimony at the January 12, 2011 hearing.  Accordingly, the Court will award $2,000 for Plaintiff's IIED claim.

## VI. CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Plaintiff's Motion for Default Judgment; and

(2) **ORDER** Plaintiff's counsel to submit a Bill of Costs within 21 days of this Order so that the Court can make a proper determination of his attorney's fees.

---

[4]Generally, an award in excess of $10,000 is rare on default judgment for an IIED claim. In *Willings v. Int'l Portfolio Mgmt.*, No. 1:04-cv-139, 2006 U.S. Dist. LEXIS 98049 (W.D. Mich. March 10, 2006), the court awarded $10,000 for emotional distress.  In that case, the plaintiffs, an elderly couple, were victims of identity theft, and defendant sought payment for an account the plaintiffs' had not authorized.  Despite this, the defendant persisted to call the plaintiffs repeatedly, threatening to have them arrested if they did not pay the debt, and later threatening to take their social security money.  *Id.* at *2-3.  In *Shoup v. Illiana Recovery Sys., Inc.*, No. 5:00-cv-104, 2002 U.S. Dist. LEXIS 674 (W.D. Mich. January 8, 2002), the court awarded $12,500 to a plaintiff who was "nearly killed or maimed by Defendant's towing truck," and was "stopped wrongfully and treated in a threatening manner on a dark country road..." *Id.* at *9-10.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 24, 2011.

S/Denise Goodine
Case Manager