UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HETT

        Plaintiff,

v.                                                       Case No. 10-cv-12479
                                                      Paul D. Borman
                                                      United States District Judge

BRYANT LAFAYETTE AND
ASSOCIATES, LLC,

        Defendant.

_____/

**ORDER ENTERING JUDGMENT IN FAVOR OF PLAINTIFF AND AWARDING <u>COSTS AND ATTORNEYS FEES</u>**

Plaintiff filed this action arising under the Fair Debt Collection Practices Act ("FDCPA") on June 23, 2010. (Dkt. No. 1). On February 24, 2011, the Court entered an Opinion and Order Granting Plaintiff's Motion for Default Judgment. (Dkt. No. 8). In its Order, the Court awarded $3,000 in damages, but directed Plaintiff's counsel to submit a Bill of Costs within 21 days, so that the Court could properly determine the amount of attorney's fees to award pursuant to 15 U.S.C. § 1692k(a)(3)[1]. Plaintiff filed a Bill of Costs and affidavit on March 1, 2011. (Dkt. No. 9).

---

[1]This provision states:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
> [. . . .]
> (3) . . . the costs of the action, together with a reasonable attorney's fee as determined by the court.

A reasonable attorney's fee is "adequately compensatory to attract competent counsel [but also] avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citation omitted). The Court must first determine a "reasonable hourly rate," and then multiply that amount by the "number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff's counsel, Gary Nitzkin, requests $3,378.75, including $350 for filing fees and $20 for service of process. Mr. Nitzkin states that he has spent 12.75 hours on this matter, and that his normal hourly rate is $265.

The Court finds that $265 is a reasonable hourly rate for Plaintiff's counsel, given his experience and expertise in FDCPA cases. *See Kuhne v. Law Offices of Timothy E. Baxter and Assoc., P.C.*, No. 08-14088, 2009 WL 1798126 (E.D. Mich. June 23, 2009).

However, the Court finds Mr. Nitzkin's claim that he expended 12.75 hours on the instant litigation is not reasonable. For example, counsel claims that drafting the Entry of Default in this case – a document that is barely three pages – took 2.1 hours. Mr. Nitzkin also claims that 2.25 hours were expended on January 12, 2011, for "Travel to and from court. Appearance at hearing on Plaintiff's Motion for Entry of Judgment." However, the January 12, 2011 hearing on this matter lasted approximately 15 minutes. Further, the Court is cognizant that the one-way commute from Mr. Nitzkin's Southfield offices to Detroit is approximately 30 minutes.

The litigation in this case was simple. Defendant has not filed any pleadings. Plaintiff's counsel filed a total of five pleadings: (1) the Complaint (Dkt. No. 1), (2) a certificate of service (Dkt. No. 3), (3) a request for entry of default (Dkt. No. 4), (4) a Motion for Default Judgment (Dkt. No. 6), and (5) the instant Motion for Attorney Fees (Dkt. No. 9). Accordingly, the Court will

reduce the number of recoverable hours to 7.75, for a total attorney's fee award of $2,053.75. The Court will also award $350 for the filing fee.

For the reasons stated above, **IT IS HEREBY ORDERED** that judgment is entered in favor of the Plaintiff in the amount of $5,403.75, as follows:

(1) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(1) and (a)(2)(A) in the amount of $1,000.00;

(2) Damages for intentional infliction of emotional distress in the amount of $2,000.00; and

(3) Costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) in the amount of $2,403.75.

This closes the case.

**SO ORDERED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 14, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 14, 2011.


S/Denise Goodine
Case Manager